Birdie Amsterdam, J.
This is a motion by claimant’s insurance company to stay arbitration on the ground that the claim, under an uninsured motorist indorsement, should properly have been made to the MVAIC. Initially, it is clear that the effective date of the policy in issue was May 22, 1965. The subsequent substitution of automobiles thereunder in October, 1965, was merely by an indorsement to the policy and did not serve to alter the effective date of said policy. Accordingly, the effective date of the policy being before the Insurance Law amendment of July 1, 1965 (L. 1965, ch. 322), by which “ insured person ” cases were thereafter to be handled directly by the insurer instead of by MVAIC, the claim herein should properly still have been filed with the MVAIC. Merely because claimant erroneously filed his claim with his insurer (the movant herein), however, did not mean that said insurer could compound the error by blithely accepting, processing, investigating and, otherwise, completely handling the claim, for a period of 13 months thereafter, to claimant’s present prejudice. In fact, all preliminaries to a settlement of the claim or to arbitration appear to have been completed before movant for the first time, in response to the service by claimant of a notice of intention to arbitrate, brought on the instant application and notified claimant thereby of the erroneous filing. If the insurer did not intend to accept or to consider the claim herein, it should sooner have consulted its records, have informed claimant of his mistake and have rejected the claim. To have lulled claimant into a false sense of security thereby, and under the circumstances presented, constitutes gross laches on movant’s part, especially since it is now highly unlikely that the MVAIC will accept claimant’s belated filing. In justice and equity, the insurer, who has not even explained why it took 13 months to discover the effective date of claimant’s policy and to inform claimant thereof, should not now be permitted to assert such opposition to claimant’s present demand for arbitration and must be estopped from a denial of coverage. In addition, movant-insurer has not factually disputed claimant’s assertion in opposition that the within application was not timely initiated (see CPLR 7503 (subd [e]). For the reasons stated, the motion to stay arbitration is, in all respects, denied.